**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| WILLIAM N. COCHRAN<br><br>    PLAINTIFF<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC<br><br>    DEFENDANT(S) | CIVIL ACTION NO:<br>1:24-cv-00010-NT |

**CARRINGTON MORTGAGE SERVICES, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES
IN RESPONSE TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Carrington Mortgage Services, LLC ("CMS"), by and through undersigned counsel, submits the within Answer and Affirmative Defenses in Response to Plaintiff's Complaint as follows:

Plaintiff has included un-numbered narrative and argumentative comments and headings throughout his Complaint. All such allegations, characterizations, and references contained in any language not contained in a numbered paragraph of Plaintiff's complaint are DENIED. To the extent allowable by the Court, CMS reserves the right to ask that they be stricken.

    1.    Admit.

    2.    Admit that CMS maintains an office at the location alleged. All other implications and allegation in Paragraph 2 are denied.

3. Paragraph 3 is a legal conclusion which calls for no response concerning facts.

4. Paragraph 4 is a legal conclusion which calls for no response concerning facts.

5. Paragraph 5 is a legal conclusion which calls for no response concerning facts.

6. Admit.

7. Admit.

8. Admit.

9. CMS denies that it is "pursuing" the foreclosure action specified. All remaining allegations in Paragraph 9 are admitted.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Denied.

17. CMS has insufficient knowledge of the facts alleged in Paragraph 17 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

18. CMS admits that a certain number of payments were missed during the period in which Wells Fargo serviced the loan. As to which, when, or how many, CMS has insufficient knowledge of the facts alleged in Paragraph 18 upon which to base an admission or denial. Therefore all other allegations therein are denied.

19. CMS has insufficient knowledge of the facts alleged in Paragraph 19 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

20. CMS has insufficient knowledge of the facts alleged in Paragraph 20 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

21. CMS has insufficient knowledge of the facts alleged in Paragraph 17 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

22. CMS admits that a Wells Fargo letter was sent to Plaintiff in September 2020. CMS has insufficient knowledge of the remaining facts alleged in Paragraph 22 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all remaining allegations and adjectival characterizations therein are denied.

23. CMS admits that Wells Fargo communications stated that any documents tendered required return on or before November 9, 2020 to be accepted. CMS has insufficient knowledge of the remaining facts alleged in Paragraph 23 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all remaining allegations and adjectival characterizations therein are denied.

24. CMS has insufficient knowledge of the facts alleged in Paragraph 24 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

25. CMS has insufficient knowledge of the facts alleged in Paragraph 25 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

26. CMS has insufficient knowledge of the facts alleged in Paragraph 26 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

27. CMS has insufficient knowledge of the facts alleged in Paragraph 27 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

28. CMS has insufficient knowledge of the facts alleged in Paragraph 28 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

29. CMS has insufficient knowledge of the facts alleged in Paragraph 29 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

30. CMS admits becoming the servicer of the loan in April 2021. The remaining allegations in Paragraph 30 are denied.

31. CMS has insufficient knowledge of the facts alleged in Paragraph 31 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

32. CMS has insufficient knowledge of the facts alleged in Paragraph 32 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

33. CMS has insufficient knowledge of the facts alleged in Paragraph 33 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

34. Admit that a CMS statement dated April 14, 2021 contains the figure $10,855.26. All other allegations therein are DENIED.

35. CMS has insufficient knowledge of the facts alleged in Paragraph 35 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

36. CMS admits that Plaintiff made payments to CMS. The remaining allegations are denied.

37. CMS has insufficient knowledge of the facts alleged in Paragraph 37 upon which to base an admission or denial, however investigation as to Plaintiff's alleged interactions with CMS pertaining to online access is ongoing. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

38. CMS admits that Plaintiff and CMS engaged in multiple phone contacts between April 2021 and during calendar year 2022. All remaining allegations and adjectival characterizations are denied.

39. CMS admits that written and electronic communications to CMS were sent by, or on behalf of Plaintiff. All remaining allegations and adjectival characterizations are denied.

40. CMS has insufficient knowledge of the facts alleged in Paragraph 40 upon which to base an admission or denial, however investigation as to the exact address used for any written communications, referred to in Paragraph

39. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

41. CMS admits that electronic communications sent to CMS by, or on behalf of Plaintiff in 2021 and 2022 were received. As to the contents of each, CMS contends that the documents would speak for themselves. On that basis, and on the basis that the allegations are imprecisely stated, all remaining allegations and adjectival characterizations are denied.

42. CMS admits that written communications sent to CMS by, or on behalf of Plaintiff in 2021 and 2022 were received. As to the contents of each, CMS contends that the documents would speak for themselves. On that basis, and on the basis that the allegations are imprecisely stated, all remaining allegations and adjectival characterizations are denied.

43. Denied.

44. CMS admits that at some point in 2022 it ceased accepting payments tendered by Plaintiff. The remaining allegations are denied.

45. CMS admits that a Notice of Default and Right to Cure Letter was sent to Plaintiff. The remaining allegations are denied.

46. Denied.

47. CMS admits that an error existed in the Notice of Default and Right to Cure Letter. The remaining allegations are denied.

48. Admit.

49. The allegations in Paragraph 49 appear to incorporate (although imprecisely) allegations contained in previous paragraphs. As such, CMS's

responses to the paragraphs containing the original reference are incorporated as though fully set forth. The remaining allegations appear to be arguments or are so imprecisely started that no meaningful admission or denial can be made. On that basis, all allegations therein are denied.

50. Paragraph 50 is a legal conclusion which calls for no response concerning facts.

51. CMS admits that an error existed in the Notice of Default and Right to Cure Letter. The remaining allegations are denied.

52. Denied.

53. CMS admits having received a letter in or around spring 2023 purported to have been authored by Plaintiff. All other allegations (including authorship of said letter) is denied.

54. CMS admits having received a letter in or around spring 2023 purported to have been authored by Plaintiff. All other allegations (including authorship of said letter) is denied.

55. CMS admits having received a letter in or around spring 2023 purported to have been authored by Plaintiff. All other allegations (including authorship of said letter) is denied.

56. CMS admits having received a letter in or around spring 2023 purported to have been authored by Plaintiff. All other allegations (including authorship of said letter) is denied.

57. CMS admits writing a letter to Plaintiff in May 2023, the text of which speaks for itself. The remaining allegations are denied.

58. CMS admits writing a letter to Plaintiff in June 2023, the text of which speaks for itself. The remaining allegations are denied.

59. CMS admits writing a letter to Plaintiff in July 2023, the text of which speaks for itself. The remaining allegations are denied.

60. Although review of files, and other investigation is ongoing. CMS admits that it sent no further letters directly to Plaintiff. The remaining allegations are denied.

61. Although review of files, and other investigation is ongoing. CMS admits that it sent no further letters directly to Plaintiff. The remaining allegations are denied.

62. CMS admits issuing statements concerning Plaintiff's mortgage account during mid-2023. The contents of those statements speak for themselves. All other allegations are denied.

63. Denied.

64. The allegations in Paragraph 64 appear to incorporate (although imprecisely) allegations contained in previous paragraphs. As such, CMS's responses to the paragraphs containing the original reference are incorporated as though fully set forth. The remaining allegations appear to be arguments or are so imprecisely started that no meaningful admission or denial can be made. On that basis, all allegations therein are denied.

65. CMS admits that Plaintiff complained of errors involving his account during multiple conversations with CMS personnel. The remaining allegations are denied.

66. The allegations in Paragraph 66 appear to incorporate (although imprecisely) allegations contained in previous paragraphs. As such, CMS's responses to the paragraphs containing the original reference are incorporated as though fully set forth. The remaining allegations appear to be arguments or are so imprecisely started that no meaningful admission or denial can be made. On that basis, all allegations therein are denied.

67. CMS does not understand the allegations in Paragraph 67. On that basis, the allegations are denied.

68. CMS admits that an error existed in the Notice of Default and Right to Cure Letter. CMS admits that the foreclosure action has not been dismissed since Plaintiff would not agree to its dismissal. The remaining allegations are denied.

69. CMS has insufficient knowledge of the facts alleged in Paragraph 69 upon which to base an admission or denial. On that basis, and on the basis that the allegations are argumentatively stated, all allegations therein are denied.

70. CMS has insufficient knowledge of the facts alleged in Paragraph 70 upon which to base an admission or denial. On that basis, and on the basis all allegations therein are denied.

71. CMS has insufficient knowledge of the facts alleged in Paragraph 71 upon which to base an admission or denial. On that basis, and on the basis that the allegations are imprecisely stated, all allegations therein are denied.

72. CMS admits that Plaintiff incurred fees and costs defending the foreclosure. All remaining allegations and adjectival characterizations are denied.

73. CMS repeats and incorporates all preceding responses.

74. CMS admits that Plaintiff is a borrower. All other allegations in Paragraph 75 are legal conclusions which call for no response concerning facts and are thus denied.

75. CMS admits that it is a servicer. All other allegations in Paragraph 75 are legal conclusions which call for no response concerning facts and are thus denied.

76. All allegations in Paragraph 76 are legal conclusions which call for no response concerning facts and are thus denied.

77. All allegations contained in Paragraph 77 are legal conclusions which call for no response concerning facts and are thus denied.

78. Denied.

79. All allegations contained in Paragraph 79 are legal conclusions which call for no response concerning facts and are thus denied.

80. Denied.

81. Denied.

82. Denied.

83. CMS repeats and incorporates all preceding responses.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. CMS has insufficient knowledge of the facts alleged in Paragraph 89 upon which to base an admission or denial. To the extent that Plaintiff's allegation of damages refers back (as causative factors) to other previous allegations, CMS incorporates herein each response to said allegations.

90. CMS denies that Plaintiff is entitled to damages.

91. CMS repeats and incorporates all preceding responses.

92. Paragraph 92 is a legal conclusion which calls for no response concerning facts.

93. Denied.

94. Denied.

95. Paragraph 95 is a legal conclusion which calls for no response concerning facts.

96. Paragraph 96 is a legal conclusion which calls for no response concerning facts.

97. Paragraph 97 is a legal conclusion which calls for no response concerning facts.

98. CMS admits that Plaintiff incurred fees and costs defending the foreclosure. All remaining allegations and adjectival characterizations are denied.

## **AFFIRMATIVE DEFENSES**

A. Counts I-III fail to state a claim upon which relief can be granted.

B. Counts I-II are time barred.

C. Counts I-III are limited or barred by the doctrine of unclean hands.

D. Count III, to the extent that there remains a request for relief as pertains the Mortgage and the foreclosure matter referred to in the Complaint, said relief is barred by the doctrine of accord and satisfaction.

E. Plaintiff's claim of entitlement to Attorney's fees on all is limited, pro-rated, offset, or barred by Plaintiff's own conduct including, but not limited to repudiation of a settlement agreement regarding the foreclosure case referred to in the complaint.

F. Counts I-III allege facts and circumstances that, to the extent proven to have occurred, were unintentional, and the result of a *bona fide error* or errors notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

G. Counts I-III are limited based upon Plaintiff's failure to mitigate damages.

H. Counts I-II are limited based upon allegations of multiple violations based upon a single error thus circumventing the statutory limits of damages applicable under RESPA and FDCPA respectively, which such recovery would constitute an impermissible double recovery.

I. Plaintiff has failed to join an indispensable party.

J.  Plaintiff's damages, if any, were caused, in whole or in part, by the negligence, or wrongful conduct on a third party *not* made a defendant in this case.

K.  Count III consists of a state statutorily created cause of action pre-empted by controlling federal law and thus unconstitutional, barring recovery pursuant Article VI, Clause 2 of the United States Constitution.

WHEREFORE, CMS prays judgment in its favor, and against Plaintiff on all counts, that all counts of the complaint be dismissed, and that CMS be affirmatively awarded fees, costs, and offsets to the extent allowable by applicable law.

To the extent that Fed. R. Civ. P. 8 requires CMS to respond further to each separately stated prayer for relief by Plaintiff, CMS denies that Plaintiff is entitled to any of the relief prayed for.

DATED: June 5, 2024

/s/ *William A. Fogel*
William A. Fogel
Attorney for Defendant Carrington Mortgage Services, LLC

Brock & Scott PLLC
30 Danforth Street, Suite 104
Portland, ME 04104
(860) 474- 8747
bill.fogel@brockandscott.com

## CERTIFICATE OF SERVICE

I hereby certify that the pleading to which this Certificate of Service is attached was filed electronically via this court's ECF system, and thereby was served electronically upon all parties who have appeared in this case.

DATED: June 5, 2024

                                                 */s/William A. Fogel*
                                                 William A. Fogel