UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **WILLIAM N. COCHRAN**<br>    **Plaintiff** | )<br>)<br>) |
| **v.** | )   CIVIL NO.  1:24-cv-00010-NT<br>) |
| **CARRINGTON MORTGAGE SERVICES LLC**<br>    **Defendant** | )<br>)<br>) |

**SCHEDULING ORDER with incorporated Rule 26(f) Order**

In accordance with Fed.R.Civ.P. 16(b) and the Cost and Delay Reduction Plan for the District of Maine, the Court proposes this Order as the Scheduling Order in this case and hereby forwards it to counsel or unrepresented parties for consultation.  Counsel and unrepresented parties shall confer as required by Fed.R.Civ.P. 26(f).  Unless an objection to this Order and a proposed discovery plan are filed by June 27, 2024, the Court will conclude that the required Rule 26(f) conference has taken place and that the terms and deadlines established in this proposed scheduling order have been agreed to.  An objection to this Order shall contain a detailed explanation of the reasons for each requested alteration of this Order.  If no objection is timely filed, this Order shall constitute the Court's Scheduling Order under Fed.R.Civ.P. 16(b).

Track Assignment:   This case has been assigned to the Standard Track.  Discovery is limited to not more than 30 interrogatories per opposing side (subparts not permitted); 30 requests for admission per opposing side; 2 sets of requests for production per opposing side; and 5 depositions per side.

Subject Matter Jurisdiction:  Federal Question.

Jury Trial:  Demanded.

Deadline for Conference of Parties Pursuant to Fed.R.Civ.P.26(f):  June 20, 2024. Inadvertent disclosure of privileged or trial preparation material shall be governed by the principles of Federal Rule of Evidence 502, Rule 4.4B of the Maine Rules of Professional Conduct, and Local Rule 83.3(e).

Deadline for Initial Disclosure Pursuant to Fed.R.Civ.P.26(a)(1):  July 5, 2024.

Deadline for Amendment of the Pleadings and Joinder of Parties:  August 22, 2024.

Plaintiff(s) shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by:  August 22, 2024.

Defendant(s) shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by:  September 26, 2024.

If the expert is retained or specially employed to provide expert testimony in the case or the expert's duties as an employee of a party regularly involve giving expert testimony, the disclosure shall also include the other categories of information specified in Fed.R.Civ.P. 26(a)(2)(B).  All required information may, but need not, be provided in the form of a written report prepared and signed by the expert.

Deadline to Complete Discovery:  October 24, 2024.

Counsel are advised that absent some excusable circumstance, discovery initiatives must be undertaken so that the response of the opposing party is filed prior to the discovery deadline.

Deadline to file Notice of Intent to file Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h):  October 31, 2024.

<u>Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions</u>[1] <u>Challenging Expert Witnesses with Supporting Memoranda</u>:  November 14, 2024.

<u>Expected Trial Date</u>:  This case shall be ready for trial by  January 7, 2025.

<u>Further Matters in Aid of Disposition</u>:  The plaintiff(s) shall make a written settlement demand upon the defendant(s) by October 10, 2024.  The defendant(s) shall respond in writing by November 14, 2024.

<u>Consent to the Magistrate Judge</u>:  The parties may consent to allow the Magistrate Judge to conduct all proceedings, to enter final orders and judgment, and to conduct any jury or non-jury trial as required in this case.  The Magistrate Judges typically schedule the civil cases to which they are assigned for a specific trial date.  If the parties consent to Magistrate Judge Karen Frink Wolf conducting all proceedings, the parties shall complete and file the consent form attached hereto, which form can also be found on the Courts website at [Forms | District of Maine | United States District Court (uscourts.gov)](#).

So <u>ORDERED</u>.

/s/ Karen Frink Wolf
U.S. Magistrate Judge

Dated: June 6, 2024.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  Such motions shall include any challenges to lack of qualifications, scope of testimony and any other issues addressed by these decisions.

3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **WILLIAM N. COCHRAN** )<br>     Plaintiff )<br>)<br>v. )<br>)<br>**CARRINGTON MORTGAGE SERVICES LLC** )<br>     Defendant ) | CIVIL NO.  1:24-cv-00010-NT |

CONSENT TO A MAGISTRATE JUDGE

Understanding the right to trial before a District Judge, the parties to the above captioned civil matter additionally consent, pursuant to Fed.R.Civ.P. 73(b), to allow Magistrate Judge Karen Frink Wolf to conduct any and all proceedings, to enter final orders and judgment, and to conduct any jury or non-jury trial as required in the instant action.

Counsel for Plaintiff(s):

Date:

Counsel for Defendant(s):

Date:

**NOTE: Return this form to the Clerk of Court only if it has been
executed by all parties in this case.**

4